IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LONNIE SITES,**

        Plaintiff,

   vs.                                          Civil Action 2:11-CV-486
                                                        Magistrate Judge King

**HONDA OF AMERICA MANUFACTURING, INC.,**

        Defendant.

<u>**OPINION AND ORDER**</u>

This Court previously denied *Plaintiff's Motion for Leave to Amend the Complaint*, Doc. No. 19, but afforded plaintiff the opportunity to submit a proposed amended complaint that affirmatively alleges facts demonstrating that the Court may exercise diversity jurisdiction over any state law claim. *Opinion and Order*, Doc. No. 24. With the consent of the parties under 28 U.S.C. §636(c), the Court also notified the parties that it intends to consider the *Affidavit of Emily Scott* in connection with its resolution, by reference to the standards of Fed. R. Civ. P. 56, of defendant's *Motion for Judgment on the Pleadings,* Doc. No. 10, and granted plaintiff until November 28, 2011 to supplement his response to that motion. *Id*. Plaintiff has not tendered a supplemented proposed amended complaint, nor has he supplemented his response to defendant's *Motion for Judgment on the Pleadings*. The Court therefore regards defendant's motion as ripe for resolution.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56(a), F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251.  *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The original *Complaint*, Doc. No. 2, asserts a single claim under the Family and Medical Leave Act, 29 U.S.C. 2601 *et seq*. ["the Act"], and specifically alleges that plaintiff's employment was unlawfully terminated in October 2009 because he had taken leave to which he was entitled under the Act.  In order to recover under the Act, an employee must establish, *inter alia*, that he was an eligible employee, *i.e.*, that he had been employed "for at least 1,250 hours of service with such employer during the previous 12-month period."  29 U.S.C. §2611(2)(A)(ii).  The uncontroverted affidavit of Emily Scott, an employee in defendant's Leave Coordination Department, establishes that plaintiff had worked significantly less than 1,250 hours during the relevant time period.  *Affidavit of Emily Scott*, attached to *Motion for Judgment on the Pleadings*, ¶3.  It therefore appears that plaintiff cannot recover on the single claim asserted by him in this action.

**WHEREUPON,** defendant's *Motion for Judgment on the Pleadings*, Doc. No. 10, is therefore **GRANTED.**

The Clerk shall enter **FINAL JUDGMENT** dismissing this action.


　　　　　　　　　　　　　　　　　　　　*s/Norah McCann King*
　　　　　　　　　　　　　　　　　　　　　Norah M<sup>c</sup>Cann King
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

December 5, 2011